UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

April 23, 2025

## LETTER ORDER

Re:   STUDENT 1, *et al.*, v. KRISTI NOEM, *et al.*
      Civil Action No. 25-2871 (GC) (JTQ)

Dear Litigants:

This matter comes before the Court based on the Emergency Motion filed by nine anonymous students ("Plaintiffs"). ("Motion", ECF No. 2.) The Motion seeks three forms of relief: 1) an order to show cause for a temporary restraining order ("TRO"); 2) an expedited hearing for a preliminary injunction; and 3) leave to proceed under pseudonyms. The TRO portion of the Motion seeks various relief, including that the Court:

- Declare that Plaintiffs maintain lawful F-1 student status in the [Student and Exchange Visitor Information System ("SEVIS")] permitting them to work on their Employment Authorization Documents ("EADs") if applicable, or change, extend or adjust status if needed or desired;
- Prohibit Defendants from terminating any Plaintiff's F-1 student status absent a valid ground as set forth in 8 C.F.R. § 214.1(d), and absent an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each Plaintiff, in which each Plaintiff will be entitled to review any adverse evidence and respond to such evidence prior to determining anew that any Plaintiff's F-1 student status; and
- Prohibit Defendants from arresting, detaining, or transferring Plaintiffs out of this Court's jurisdiction, or ordering the arrest, detention, or transfer of any Plaintiff out of this Court's jurisdiction or the United States, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as time to contest any such action.

(Brief in Support of Emergent Motion at 1, ECF No. 2-1.) For the reasons set forth below, the Court **GRANTS** the portion of Plaintiffs' Emergent Motion seeking a TRO pending further proceedings.[1]

---

[1] The Court acknowledges that Defendants have not yet had the opportunity to respond to this Motion. On April 21, 2025, the Court ordered the parties to confer and advise by yesterday, April 22, 2023, whether they could agree on a proposed expedited briefing schedule. (ECF No. 6.) Defendants did not respond to the Court or to Plaintiffs and they have not yet entered an appearance. (ECF No. 10.) Based on the circumstances, the Court finds that an *ex parte* ruling as to the TRO request is appropriate pursuant to Federal Rule of Civil Procedure 65(b)(1).

## I. BACKGROUND

Plaintiffs are nine students from China, Korea, India, and Nepal who reside in New Jersey, New York, Michigan, Texas, Oklahoma, California, North Carolina, and Kentucky. (Complaint ¶¶ 3–11, ECF No. 1.)[2] Defendants are the Secretary of Homeland Security, the acting Director of U.S. Immigration and Customs Enforcement, and the Attorney General of the United States ("Defendants").

In the past few weeks, each of the students has been notified that their SEVIS record and I-20s were terminated by the Department of Homeland Security ("DHS") and their F-1 visas revoked. (*Id.* ¶¶ 15–51.) DHS instructed the students to depart the United States immediately. (Declarations from Students 1–9, ¶ 7, ECF Nos. 1-1 to 1-9.) The reason DHS provided was the discovery of "criminal activity." (Complaint ¶¶ 15–51.) The "criminal activity" pertinent to the first four students is representative and summarized below by way of example:

- Student 1 was arrested during a verbal dispute earlier this year. The case was dismissed a month later with no conviction, no plea, and no penalties. (*See id.* ¶ 16.)
- Student 2 was ticketed during a traffic stop ten years ago "for headlights," having a suspended license, and speeding. The student paid the fines and the matter was resolved. (*See id.* ¶ 19.)
- Student 3 was arrested and fingerprinted for criminal speeding (20 miles per hour over the speed limit). The court dismissed the criminal charge and held the student liable for a civil traffic offense. The student paid the fine and attended a driver's responsibility course. (*See id.* ¶ 23.)
- Student 4 was cited for the misdemeanor of public intoxication. The student pled guilty and paid a $492 fine. (*See id.* ¶ 26.)

In terms of the impact felt by the students, they attest that have been fired from their jobs when their employers learned of their loss of SEVIS status, been barred from attending further classes and/or their graduation, will be prevented from pursuing further degrees in this country, and are being subjected to the severe mental health effects stemming from the constant threat of deportation. (*See* Student Declarations 1–9, ¶ 8.)

## II. JURISDICTION

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 based on the Complaint's assertion of claims under the U.S. Constitution and federal law.[3]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of TROs and preliminary

---

[2] The Complaint is not verified, but the Court finds that it is adequately supported by sworn declarations from each of the Plaintiffs that were filed as attachments to the Complaint. (ECF Nos. 1-1 to 1-9); *see* Fed. R. Civ. P. 65(b)(1); Local Civil Rule 65.1(a).

[3] The termination of a student's status in the SEVIS is a final agency action that is subject to judicial review. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 182 (3d Cir. 2019) ("The order terminating these students' F-1 visas marked the consummation of the agency's decision[-]making process, and is therefore a final order.").

injunctions. Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (citation and quotation marks omitted). One purpose of a TRO is to "maintain the status quo, defined as the last, peaceable, noncontested status of the parties," pending further proceedings. *See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (citation omitted). To establish that they are entitled to such relief, a plaintiff must demonstrate:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974) (citations omitted)); *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990). Where, as here, the Government is the opposing party, the last two factors merge for purposes of the Court's TRO analysis. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

## IV. DISCUSSION

The Complaint and the Motion argue that Defendants' termination of Plaintiffs' F-1 visa status violates Plaintiffs' procedural due process rights under the federal Administrative Procedures Act ("APA"), 5 U.S.C. § 500, *et seq.*, and the Fifth Amendment to the United States Constitution.[4] (Complaint ¶¶ 52–70; Moving Br. at 9–14.).

Plaintiffs' Motion argues that under the APA, "Defendants had no statutory or regulatory authority to terminate [Plaintiffs'] F-1 student status based simply on revocation of a visa. Therefore, the actions revoking the [Plaintiffs'] F-1 under SEVIS are arbitrary and capricious, in violation of the law and should be vacated." (Moving Br. at 12.) They contend that the status terminations "should be set aside under 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including 8 C.F.R. § 214.1(d)." (*Id.* at 14.)

Because the Plaintiffs need only establish a likelihood of success on a single claim to obtain a TRO, the Court limits its review to Plaintiffs' first argument.

### A. Likelihood of Success on the Merits

SEVIS termination may occur under two general circumstances: (1) a student fails to maintain status, or (2) the Department of Homeland Security ("DHS") terminates status. *See* 8 C.F.R. §§ 214.2(f), 214.1(d); *see also Patel v. Bondi*, Civ. No. 25-101, 2025 WL 1134875, at *2

---

[4] The Complaint also asserts a violation of Plaintiffs' Sixth Amendment right to a fair trial (Complaint ¶¶ 71–76), but they do not seek consideration of that claim for the purposes of their Emergent Motion.

(W.D. Pa. Apr. 17, 2025); *Isserdasani v. Noem*, Civ. No. 25-283, 2025 WL 1118626, at *1 (W.D. Wis. Apr. 15, 2025).

As to the first category, a student fails to maintain status when they fall out of compliance with F-1 status requirements, for example, by not maintaining a full course of study. *See* 8 C.F.R. § 214.2(f) (listing requirements for F-1 status). Students are also prohibited from engaging in particular conduct, including accepting unauthorized employment, providing false information to DHS, or engaging in criminal activity. *See id.* § 214.1(e)–(g). Importantly here, criminal activity is defined to include instances where a student is "convict[ed] . . . for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed)." *Id.* § 214.1(g).

As to the second category, termination of SEVIS status can occur (1) "by revoking a waiver that the Attorney General had previously authorized under § 212(d)(3) or (4) of the Immigration and Nationality Act," (2) "by the introduction of a private bill to confer permanent resident status," or (3) "pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons." *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 176 (3d Cir. 2019) (quoting 8 C.F.R. § 214.1(d)).

On the current record, none of the aforementioned bases for terminating SEVIS status have been satisfied. The "criminal activity" disclosed by Plaintiffs does not meet the requirements under the relevant regulations, 8 C.F.R. § 214.1(g). That is, none of the Plaintiffs have been convicted of a crime of violence for which a sentence of more than one year might be imposed. Likewise, nowhere in the record is there evidence that any of the requirements set forth by 8 C.F.R. § 214.2(d) have been met. There is no record of waiver revocation, a private bill to confer permanent resident status, or notification in the Federal Register.

Accordingly, this Court concludes that Plaintiffs have shown a likelihood of success on the merits, based on their claim that Defendants have acted *ultra vires* in violation of 5 U.S.C. § 706(2)(A), (C)–(D) of the APA insofar as they have acted without a lawful or rational basis to terminate Plaintiffs' SEVIS status. *See Student Doe #1 v. Donald J. Trump*, Civ. No. 25-2825 (D.N.J. Apr. 18, 2025) (citing *Isserdasani*, 2025 WL 1118626, at *5).

### B. Irreparable Harm

Plaintiffs no longer hold valid F-1 status and have been ordered to leave the United States by the DHS. This order leaves Plaintiffs vulnerable to detainment and deportation proceedings if they do not comply, and deportation undeniably constitutes irreparable harm. *See, e.g.*, *Roe v. Noem*, Civ. No. 25-40, 2025 WL 1114694, at *3 (D. Mont. Apr. 15, 2025) ("losing F-1 status places [a plaintiff's] education, research, financial stability, and career trajectories at imminent risk of irreparable harm."). The Court finds that Plaintiffs' fears in this regard are neither hypothetical nor speculative. Setting aside actual deportation, while in this country without F-1 status, Plaintiffs face continued unemployment, inability to complete (much less further) their educations, and the ongoing mental harms stemming from the threat of deportation. For these reasons, the Court finds that Plaintiffs have more than adequately demonstrated that they will face irreparable harm absent a temporary restraining order.

### C. Balancing Test and Public Interest

According to Plaintiffs, the balance of the equities and public interest weigh in favor of granting a TRO. (Moving Br. at 14–16.) The Court agrees. While Defendants have not yet had an opportunity to respond to the Motion, the Court can intuit no harm that would come to them by the issuance of this TRO. Moreover, the TRO would be operative for only a short period pending a hearing before the Court, meaning that the TRO will not credibly interfere with Defendants' enforcement priorities.

Plaintiffs, on the other hand, face the substantial—if not life-changing—harms already discussed above. While Plaintiffs lawfully resided in the United States, they have worked hard to achieve their personal and professional goals. The unexpected termination of their status has severely impacted their personal and professional lives and their mental health. On balance, the Court easily finds that Plaintiffs' harms outweigh those of Defendants.

The Court also finds that the public interest favors entering a TRO. Maintaining an orderly and proper process for SEVIS terminations serves the public's interest. *See Doe v. Noem*, Civ. No. 25-633, 2025 WL 1141279, at *9 (W.D. Wash. Apr. 17, 2025) ("The public has a vested interest in a federal government that follows its own regulations."). *Cf. Town of Newton v. Rumery*, 480 U.S. 386, 400 (1987) (O'Connor, J., concurring) ("The public has an interest in seeing its laws faithfully executed."); *St. John–St. Thomas Hotel & Tourism Ass'n, Inc. v. Government of the Virgin Islands*, 41 V.I. 317, 337–38 (D. VI. 1993), rev'd on other grounds, 218 F.3d 232 (3d Cir. 2000) (noting that the public has an interest in the executive branch's compliance with federal law).

In sum, the Court finds based on the current record, that Plaintiffs have satisfied the requirements for a temporary restraining order.[5] The Court therefore **GRANTS** this portion of the Motion. In granting Plaintiffs' relief, the undersigned notes that this Court joins other courts in this district and the overwhelming majority of courts around the country that in recent weeks have granted relief to other similarly situated plaintiffs. *See Maradana v. Noem*, Civ. No. 25-2816 (D.N.J. Apr. 22, 2025); *Student Doe #1 v. Donald J. Trump, et al.*, Civ. No. 25-2825 (D.N.J. Apr. 18, 2025); *Patel v. Bondi*, Civ. No. 25-101, 2025 WL 1134875 (W.D. Pa. Apr. 17, 2025); *Hinge v. Lyons*, Civ. No. 25-1097, 2025 WL 1134966, (D.D.C. Apr. 15, 2025); *Daou v. Noem, et al.*, Civ. No. 25-976, 2025 WL 1148687 (M.D. Fla. Apr. 18, 2025); *Ajugwe v. Noem et al.*, Civ. No. 25-982, 2025 WL 1148689 (M.D. Fla. Apr. 18, 2025); *Ariwoola v. Kristi Noem et al.*, Civ. No. 25-3313, 2025 WL 1148491 (D.S.C. Apr. 18, 2025); *Saxena v. Noem, et al.*, Civ. No. 25-5035, 2025 WL 1149498 (D.S.D. Apr. 18, 2025); *Doe v. Noem et al.*, Civ. No. 25-1103, 2025 WL 1134977 (E.D. Cal. Apr. 17, 2025); *Doe*, 2025 WL 1141279; *Oruganti v. Noem et al.*, Civ. No. 25-409, 2025 WL 1144560 (S.D. Ohio Apr. 18, 2025); *Roe*, 2025 WL 1114694; *Ratsantiboon v. Noem*, Civ. No. 25-1315, 2025 WL 1118645 (D. Minn. Apr. 15, 2025); *Isserdasani*, 2025 WL 1118626; *Doe v. Trump*, Civ. No. 25-175, 2025 WL 1115468, at *2 (D. Ariz. Apr. 15, 2025); *Chen v. Noem*, Civ. No. 25-3292, 2025 WL 1150697 (N.D. Cal. Apr. 18, 2025); *Liu v. Noem*, Civ. No. 25-133, (D.N.H. Apr. 10, 2025); *but see Deore v. U.S. DHS*, Civ. No. 25-11038 (E.D. Mich. Apr. 17, 2025); *Lieu v. Noem*, Civ. No. 25-716 (S.D. Ind. Apr. 17, 2025).

---

[5] In accordance with Fed. R. Civ. P. 65(c), the Court has considered whether Plaintiffs should post security before this TRO is issued, and it finds that one is not appropriate here.

### D. Proceeding under Pseudonyms

As a separate part of the Motion, Plaintiffs seek leave to proceed under pseudonyms because they fear retaliation and harassment. (Moving Br. at 16–18.) Such requests are governed in the Third Circuit by the six-factor test under *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Having reviewed Plaintiffs' submissions, the Court finds, at least on this preliminary record, that: 1) Plaintiffs have kept their identities confidential; 2) Plaintiffs have a justifiable basis to fear retaliation and harassment; 3) the public has a substantial interest in maintaining the confidentiality of Plaintiffs' identities; 4) there is a weak countervailing interest in knowing Plaintiffs' identities; 5) it is undesirable to have an adverse outcome befall Plaintiffs based on their refusal to defend their rights without making their identities public; and 6) there is no evidence that Plaintiffs have illegitimate ulterior motives to proceed pseudonymously. The Court therefore finds that Plaintiffs may proceed under pseudonyms until further order from the Court.

### V. CONCLUSION

Based on the foregoing, it is on this **23rd** day of **April 2025** at **3:29** **p.m.**,

**ORDERED** that Plaintiffs' Emergency Motion (ECF No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs may continue to proceed under pseudonyms until further order of the Court; and it is further

**ORDERED** that Defendants shall restore Plaintiffs' SEVIS records and status and set aside Defendants' termination of Plaintiffs' SEVIS status; and it is further

**ORDERED** that Defendants are enjoined from directly or indirectly enforcing, implementing, or otherwise imposing any legal consequences as a result of Defendants' decision to terminate Plaintiffs' SEVIS records, including arresting, detaining, or removing Plaintiffs from this Court's jurisdiction, or ordering the same, without providing adequate notice to this Court and to Plaintiffs' counsel, as well as sufficient time to contest any such enforcement action; and it is further

**ORDERED** that Plaintiffs shall file, under seal, identifying information including their full name, address, date of birth, or any other information required for Defendants to reinstate Plaintiffs' F-1 student status on SEVIS; and it is further

**ORDERED** that Defendants shall file their opposition to Plaintiffs' request for a preliminary injunction by no later than **April 28, 2025**; and it is further

**ORDERED** that Plaintiffs shall file their reply in further support of their request for a preliminary injunction by no later than **May 2, 2025**; and it is further

**ORDERED** that a date for the preliminary injunction hearing will be provided by the Court at a later time; and it is further

**ORDERED** that Plaintiffs shall immediately serve a copy of this Order on Defendants and file proof of service on the docket.

_____
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE